**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-cr-00200-RLH-PAL |
| ) | |
| vs. ) | |
| ) | **REPORT OF** |
| MARCO GODINEZ, ) | |
| ) | **FINDINGS AND RECOMMENDATION** |
| Defendants. ) | |
| ) | (M/Dismiss - #35) |

This matter is before the Court on Defendant Marco Godinez's Motion to Dismiss the Indictment Based on Entrapment (#35) which was referred to the undersigned for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), and LR IB 1-3 and IB 1-4. The Court has considered the motion and the Government's Response (#48).

**BACKGROUND**

The defendant, Marco Godinez ("Godinez") is charged in a criminal indictment (#1) returned June 7, 2006, with two counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(B)(viii) and one count of possession of a controlled substance with intent to distribute in violation of §§ 841(a)(1), (b)(1)(B)(ii). The indictment also contains forfeiture allegations. The indictment arises out of two "controlled buys" by an undercover agent of the United States Drug Enforcement Administration's ("DEA's") Accelerated Domestic Market Disruption ("ADMD") Task Force in which Godinez allegedly sold the undercover agent cocaine and methamphetamine. The ADMD Task Force originally identified Godinez from information supplied by a paid confidential informant ("C.I."). During the course of the controlled buys, Godinez allegedly informed the undercover agent that he had access to much larger quantities of cocaine and methamphetamine.

In the instant motion, Godinez argues that the indictment against him must be dismissed because the government induced him to commit the crimes of which he is accused.  He contends that he was targeted by the government, despite his lack of a criminal record or predisposition to sell cocaine and methamphetamine, and that only after the application of substantial pressure by a government agent posing as a buyer of cocaine and methamphetamine did he agree to sell the quantities of the drugs alleged in the indictment.  In support of this argument he cites to portions of two Officer's Reports prepared by Detective C. Sedano who had posed as the buyer, and which are attached to his motion as Exhibits A and B.

The government responds that entrapment is an affirmative defense that must be raised at the time of trial, rather than in a motion to dismiss an indictment.  It therefore argues that even if the motion is construed as a request for a jury instruction on the issue of entrapment, it is a matter which must be deferred until after the trial court hears the evidence and determines whether the parties have met their respective evidentiary burdens, citing U.S. v. Poehlman, 217 F.3d 692 (9th Cir. 2000).  The government specifically reserves its right to argue that Godinez was not induced to commit the crimes alleged against him based on the evidence adduced at trial.

**DISCUSSION**

Pursuant to Federal Rule of Criminal Procedure 12(b), "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion."  In determining a motion to dismiss an indictment, "a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." United States v. Ruiz-Castro, 125 F.Supp.2d 411, 413 (D.Haw. 2000) (citing Winslow v. United States, 216 F.2d 912, 913 (9th Cir. 1954), *cert. den'd*, 349 U.S. 922 (1955)).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing United States v. Buckley, 689 F.2d 893, 899 (9th Cir. 1982), *cert. den'd*, 460 U.S. 1086 (1983)).

Entrapment "is an issue for the trial, not for a motion to dismiss." U.S. v. Freed, 401 U.S. 601, 607 (1971).  "To raise entrapment, defendant need only point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so."

1  Poehlman, 217 F.3d at 698 (citing U.S. v. Staufer, 38 F.3d 1103, 1108 (9th Cir. 1994)). "Five factors
2  are relevant in determining predisposition: (1) the character of the defendant, (2) who first suggested the
3  criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant
4  demonstrated reluctance, and (5) the nature of the government's inducement." U.S. v. Skarie, 971 F.2d
5  317, 320 (9th Cir. 1992) (citing U.S. v. Citro, 842 F.2d 1149, 1152 (9th Cir. 1988)).  "In reviewing
6  these factors, [the court] view[s] the evidence in the light most favorable to the government." Id.
7  (internal quotations and citations removed).  "Of these five factors, the most important is whether the
8  defendant demonstrated reluctance which was overcome by the government's inducement." Id. (internal
9  quotations and citations removed).  Once the defendant has met his initial burden, the "burden shifts to
10 the government to prove beyond a reasonable doubt that defendant was *not* entrapped." Id. (citing
11 Jacobson v. U.S., 503 U.S. 540, 549 (1992)) (emphasis in original).

12         As entrapment is an issue for trial, not for a motion to dismiss, Godinez's motion to dismiss
13 should be denied.  Godinez's motion to dismiss does not ask for an entrapment instruction.  However,
14 even if the court was to construe his motion as a request for an instruction, that is an issue more
15 appropriately addressed by the trial court after the evidence is heard.

16         For all of the foregoing reasons,

17         **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that
18 Defendant Marco Godinez's Motion to Dismiss the Indictment Based on Entrapment (#35) be
19 DENIED.

20         Dated this 20th day of March, 2007.

                                                              _____
                                                              PEGGY A. LEEN
                                                              UNITED STATES MAGISTRATE JUDGE